UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

UNITED STATES OF AMERICA         )
                                 )
    Plaintiff,                   ) Action No. 5:12-CR-102-9-JMH
                                 )
                                 )
v.                               )
                                 )
SETH J. JOHNSTON.                ) **MEMORANDUM OPINION AND ORDER**
                                 )
    Defendant.                   )
                                 )
                                 )

                    **    **    **    **    **

   This matter is before the Court on Defendant Seth Johnston's Motion to Dismiss Count 1 of the Indictment for failure to charge essential elements [DE 174]. The government has responded [DE 200], and Johnston timely filed a reply [DE 205].

   Johnston argues that Count 1 of the Third Superseding Indictment [DE 134] ("Indictment") fails to sufficiently charge the mens rea for the controlled substance analogue charge. Relying on a Seventh Circuit opinion, *United States v. Turcotte,* 405 F.3d 515 (7th Cir. 2005), Johnston argues that the Indictment must allege that the defendant knew that the substance at issue had a chemical structure substantially similar to that of a controlled substance and that the defendant must either have known that it had similar

                                1

psychological effects or intended or represented that it had such effects. This Court does not read *Turcotte* so broadly. Considering the indictment, authority on this issue, and the arguments of counsel, this Court will deny the motion.

Charge 1 of the Indictment charges Johnston, other listed codefendants, and others of conspiring together to:

> knowingly and intentionally distribute mixtures or substances containing detectable amounts of synthetic cannabinoids, including the substances 1-pentyl-3-(4-methyl-1-naphthoyl)indole, more commonly known as JWH-122, and 1-(5-fluoropentyl)-3-1naphthoyl)indole, more commonly known as AM-2201, which are both controlled substance analogues (as defined in 21 U.S.C. § 802(32)) of the Schedule I controlled substance 1-pentyl-3-(1-naphthoyl)indole, more commonly known as JWH-018, knowing that the analogue substances were intended for human consumption, as provided in 21 U.S.C. § 813, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

[DE 134].

"'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Coss*, 677 F.3d 278, 287-288 (6th Cir. 2012) (quoting *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010)). In particular, a conspiracy indictment must embrace the essential elements of the crime charged and adequately apprise the

2

defendant of the charges so that the defendant may intelligently prepare his or her defense and provide protection against future prosecution. *United States v. Craft*, 105 F.3d, 1123, 1127 (6th Cir. 1997).

The charge in Count 1 of the Indictment tracks the statutory language in 21 U.S.C. §§ 841(a)(1) and 846 and includes reference to the knowing and intentional mental state that is required to be proven at trial. *United States v. Sliwo,* 620 F.3d 630, 633 (6th Cir. 2010) ("To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must have proved: (1) an agreement to violate drug laws, in this case 21 U.S.C. § 841; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy.") Moreover, the Indictment specifically references 21 U.S.C. § 813 and 21 U.S.C. § 802 (32), which defines the term "controlled substance analogue" as

> a substance, the chemical structure of which is substantially similar to the chemical structure of a controlled substance. . .which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance. . .or with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

3

The Sixth Circuit has not addressed the sufficiency of the mens rea alleged in an indictment for a controlled substance analogue charge. But c.f. *United States v. Pavlik*, 47 F.3d 1172, 1995 WL 59227 *6 (6th Cir. Feb. 13, 1995)(unpublished table decision)(holding that it was not plain error to fail to charge the jury on specific criminal intent regarding an analogue). Nonetheless, in this instance, the Indictment contains the required elements of the offense charged to "fairly inform [the] defendant of the charge against which he must defend. . ." *Coss*, 677 F.3d at 287-88. The Indictment sufficiently tracks the statutory language where required and, further, references the controlled substance analogue statute and definition to provide Johnston with sufficient notice of the charges against him. Count 1 of the Indictment sufficiently states the essential elements of the conspiracy charge.

In *Turcotte,* the Seventh Circuit considered an appeal of the jury instructions provided for a controlled substance analogue charge, ultimately determining that, under § 802(32)(A), a "defendant must know that the substance at issue has a chemical structure substantially similar to that of a controlled substance and he or she must either know that it has similar physiological effects or intend or represent that

4

it has such effects." *Turcotte*, 405 F.3d at 527. Noting that this requirement may impose a significant prosecutorial burden in some cases, the Seventh Circuit allowed that "if the scienter requirement is met with regard to the second part of the analogue definition. . .the jury is permitted—but not required—to infer that the defendant also had knowledge of the relevant chemical similarities." *Id.* This Court is not persuaded that *Turcotte* should be read to broaden the requirements of the charge in the indictment in the Sixth Circuit without more persuasive authority. As in *Turcotte*, this argument is more appropriately suited to the jury instruction conference.

The Court being sufficiently advised,

**IT IS ORDERED** that Johnston's Motion to Dismiss Count 1 of the Third Superseding Indictment [DE 174] is **DENIED.**

This the 27th day of March, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

5